**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00191-CR**
_____

**ARMANDO RAMIREZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 359th District Court**
**Montgomery County, Texas**
**Trial Cause No. 22-04-05095-CR**

**MEMORANDUM OPINION**

A jury convicted Appellant Armando Ramirez of the first-degree felony offense of continuous sexual abuse of a child. *See* Tex. Penal Code Ann. § 21.02(b), (h). Ramirez elected to have the trial court assess punishment, and the trial court sentenced him to fifty years of confinement.

Ramirez's appellate counsel filed an *Anders* brief presenting counsel's professional evaluation of the record and concludes that the appeal is frivolous.

1

*See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). On September 22, 2023, after Ramirez's counsel filed his brief, we granted an extension of time for Ramirez to file a pro se brief. Ramirez filed a pro se brief in response.

The Court of Criminal Appeals has held that when a court of appeals receives an *Anders* brief and a later-filed pro se response, an appellate court has two choices. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). "It may determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error[;] [o]r, it may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.*

Upon receiving an *Anders* brief, a court must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record, counsel's brief, and Ramirez's pro se brief, and we have found no reversible error, and we conclude the appeal is wholly frivolous. *See Bledsoe*, 178 S.W.3d at 826–27. Therefore, we find it unnecessary to order appointment of new counsel to

re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[1]

AFFIRMED.

W. SCOTT GOLEMON
Chief Justice

Submitted on December 20, 2023
Opinion Delivered February 14, 2024
Do Not Publish

Before Golemon, C.J., Horton and Johnson, JJ.

---

[1]Ramirez may challenge our decision by filing a petition for discretionary review. *See* Tex. R. App. P. 68.